■ CHRISTIANA POINT DEVELOPERS, INC., Appellant, v FRANCESCO GALESI, Respondent, et al., Defendant.—In an action to recover a deposit on a contract for the sale of real property, the plaintiff purchaser appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), dated August 9, 1987, which (1) denied its motion for summary judgment and granted the respondent's cross motion for

summary judgment dismissing the complaint insofar as it is asserted against him, (2) dismissed the complaint insofar as it is asserted against the respondent, and (3) ordered the escrow agent to pay the respondent the contract deposit, together with all accumulated interest.

Ordered that the order and judgment is affirmed, with costs.

On March 21, 1985, the plaintiff purchaser and the respondent seller entered into an agreement for the sale of real property known as North Haven Hills situated in the Town of Southampton at a purchase price of $14,000,000. As required by the agreement, the plaintiff paid a deposit of $300,000 at the time the agreement was executed.

The parties further agreed in paragraph 21 that, as a condition of the closing;

"21. A. Seller covenants, represents and warrants as follows to the best of his actual knowledge:

"(a) There are no leases, tenancies or rights of occupancy, written or oral (collectively, 'Tenancies'), affecting the Premises, or any part thereof, and between the date hereof and the Closing, Seller shall not enter into any Tenancies. At the Closing the Premises shall be delivered vacant and free of all Tenancies."

The contract specifically provided that if any of the required covenants, agreements, representations and warranties were not complied with on the date of closing, the seller would be in default of his contractual obligations. That default would entitle the purchaser to the return of the deposit paid on the contract. The agreement scheduled the closing for June 21, 1985, at the offices of the seller's attorney, time being of the essence. The agreement granted the purchaser the option of postponing the closing to July 27, 1985, upon written notice to the respondent provided an additional $100,000 deposit was tendered.

After postponing the closing to July 27, 1985, and paying the additional $100,000 deposit, the plaintiff requested an additional adjournment because of its failure to obtain a commitment for the necessary financing. The respondent agreed to a second adjournment to August 15, 1985. In consideration of the adjournment, the parties signed an "Amendment to Agreement of Sale" dated July 29, 1985. In paragraph 7 of the Amendment, the parties agreed that on August 15, 1985, the seller would be entitled to the contract deposit if (1) the closing did not occur as scheduled, (2) the seller's representations contained in paragraph 21 of the agreement were

complied with as of August 15, 1985, and (3) the seller was ready, willing and able to deliver the documents necessary to effect the closing.

Paragraph 8 provided in pertinent part: "8. The Seller's readiness, willingness and ability to deliver the documents necessary to effect the closing shall have been conclusively established if (a) originals of the documents attached as Exhibit 'D' have been executed by the Seller or his authorized representative, acknowledged before a notary public where the form of the documents so provides, and exhibited on the day of closing to any attorney duly licensed to practice law in the State of New York, who shall evidence the exhibition of those documents to him by execution of a sworn affidavit to that effect".

Among the documents contained in exhibit D was a certificate which read in pertinent part:

"The undersigned, Francesco Galesi, hereby certifies that:

"1. As of the date of the delivery of the deed to the Premises to Christiana Point Developers, Inc. there are no tenancies at the Premises nor are there any parties with rights to tenancies, except for the rights of Universal City Studios, Inc. to film portions of the film entitled 'Sweet Liberty' on portions of the Premises pursuant to a letter agreement, to which Christiana Point Developers, Inc. has consented".

The exception refers to an agreement between the seller and Universal City Studios, Inc. dated June 21, 1985, whereby the seller granted Universal City Studios, Inc. (hereinafter Universal) the right to enter portions of North Haven Hills for a term of approximately three weeks commencing on July 22, 1985 and a right of reentry after the expiration of the term up until October 31, 1985. The plaintiff's written consent to the Universal lease was requested by the seller on June 28, 1985, but never was received.

The closing did not take place on August 15, 1985. The plaintiff's representatives appeared at the offices of the seller's attorneys, but, unable to either tender the purchase price or obtain the seller's consent to a further adjournment, they left. The seller executed the originals of the documents contained in exhibit D.

The plaintiff brought the instant action to recover his contract deposit, alleging that the respondent was in default by failing to deliver the premises free of all leases as required by paragraph 21 of the agreement. The plaintiff moved for summary judgment and the respondent cross-moved for sum-

mary judgment, arguing that he delivered such title as was required under paragraphs 7 and 8 of the amendment to the agreement.

The Supreme Court granted the respondent's motion, finding that the amendment to the agreement, read as a whole, was not ambiguous and specifically provided that the plaintiff would take title subject to the rights of Universal under the letter agreement with the respondent.

Although paragraph 21 (A) (a) of the agreement and paragraphs 7 and 8 of the amendment to the agreement are in apparent conflict, the facts and circumstances surrounding the execution of the amendment to the agreement are not in dispute. Accordingly, the interpretation of the amendment to the agreement is a matter for the court *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285) and may be decided on a motion for summary judgment.

In the case of ambiguity, a contract should be construed so as to give effect to its apparent main purpose *(see, Matter of Cromwell Towers Redevelopment Co. v City of Yonkers,* 41 NY2d 1). The purpose of the amendment to the agreement was to set forth modifications of certain terms of the agreement in consideration of the seller's consent to a second adjournment of the closing. Given the June 21, 1985 letter agreement between the seller and Universal, it is clear that one of the modifications to which the purchaser was required to agree was Universal's right to reenter the premises until October 31, 1985. Recognition of Universal's rights is reflected in the certificate which the purchaser agreed to accept at the closing as conclusive evidence that the seller was ready, willing and able to perform. Accordingly, we agree that the purchaser expressly consented to accept the premises subject to Universal's right. Therefore, there was no default by the seller and he was entitled to retain the contract deposit. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.